UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

FREDDY ARIAS,

    Plaintiff,

  v.

DEPARTMENT OF THE ARMY, U.S. ARMY CORPS OF ENGINEERS; and PETE GEREN, SECRETARY OF THE ARMY,

    Defendants.
_____/

NO. CIV. 09-690 WBS GGH

ORDER RE: MOTION TO DISMISS

----oo0oo----

On September 19, 2008, plaintiff Freddy Arias brought this action in the Northern District of California against Army Secretary Pete Geren and the U.S. Army Corps of Engineers of the Department of the Army alleging retaliation and discrimination based on race, national origin, and disability pursuant to Title VII of the Civil Rights Act of 1964. The matter was subsequently transferred to this court on March 13, 2009.

On March 27, 2009, defendants moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(4)

1

(insufficient process), 12(b)(5) (insufficient service of process), and 12(b)(6) (failure to state a claim upon which relief can be granted). (Docket No. 17.) Before defendants' motion could be heard, however, plaintiff filed a First Amended Complaint ("FAC") on April 21, 2009. (Id. No. 22.)

Pursuant to Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A). A motion to dismiss, moreover, "is not a 'responsive pleading' within the meaning of Rule 15." Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000) (citing Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 216 F.3d 764, 788 (9th Cir. 2000)). Consequently, "where a motion to dismiss is filed instead of an answer, Rule 15(a) allows a plaintiff to amend the original complaint once as a matter of course without the need of obtaining leave of court." Setencich v. Am. Red Cross, No. 07-3688, 2007 WL 4259590, at *2 (N.D. Cal. Dec. 4, 2007) (citing Fed. R. Civ. P. 15(a); Crum, 231 F.3d at 1130 n.3; Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1530 (9th Cir. 1995)).

Generally, an amended complaint "supersedes the original, the latter being treated thereafter as non-existent." Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)); see Hernandez v. Downey Sav. & Loan Ass'n, F.A., No. 08-2336, 2009 WL 532545, at *1 (S.D. Cal. Mar. 3, 2009) ("Because plaintiff has filed an amended complaint before being served with a responsive pleading, the first amended complaint is now the operative

complaint."). Thus, upon the filing of an amended complaint, a court "will usually treat the motion to dismiss as mooted." Judge William W. Schwarzer et al., Practice Guide: Federal Civil Procedure Before Trial § 13:11 (Nat'l ed. 2009) [hereinafter Schwarzer, Practice Guide] § 9:262; see Setencich, 2007 WL 4259590, at *2 ("[B]ecause the [defendant's] motion to dismiss challenges the plaintiff's original and now 'non-existent' complaint, the defendant's motion is moot.").

Some authority indicates that a court "may exercise its discretion to consider a motion to dismiss the original complaint where the amended complaint fails to cure the defects of the original complaint." Fitzgerald v. State, No. 96-2077, 1997 WL 579193, at *3 (D. Ariz. July 9, 1997); accord Schwarzer, Practice Guide § 9:262. Here, although defendants' argument concerning insufficient service of process is unlikely to be cured by amendment, their other arguments under Rule 12(b)(6) are directly implicated by plaintiff's FAC. (See, e.g., Mot. Dismiss 6:16 (arguing that the Complaint "falls short of the requirement of Federal Rule of Civil Procedure 8(a)"); id. at 9:24-25 (contending that the Complaint "fails to allege any nexus between the allegedly protected activity and the claimed resulting retaliation").) Furthermore, in reliance on the possibility of amending his Complaint, plaintiff appears to have neglected to thoroughly grapple with the arguments raised in defendants' motion. (See Pl.'s Opp'n (Docket No. 18) at 3:18-4:25.)

It would be inefficient, moreover, to hear defendants' motion to dismiss in a piecemeal fashion by considering only their argument concerning insufficient service of process. If

3

that argument should fail, defendants would then need to file another motion to dismiss in order to properly present their remaining arguments.  Accordingly, to avoid unnecessarily complicating the proceedings, the court will not exercise its discretion to consider any portion of defendants' motion to dismiss and will deny the motion as moot.

        IT IS THEREFORE ORDERED that defendants' motion to dismiss be, and the same hereby is, DENIED as MOOT.  The hearing currently set for April 27, 2009, is VACATED.

DATED:  April 23, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE