UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

FREDDY ARIAS,

        Plaintiff,

   v.                                 NO. CIV. 09-690 WBS GGH

DEPARTMENT OF THE ARMY, U.S. ARMY CORPS OF ENGINEERS; and PETE GEREN, SECRETARY OF THE ARMY,

        Defendants.
_____/

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

        After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for July 13, 2009, and makes the following findings and orders without needing to consult with the parties any further.

        I.   <u>SERVICE OF PROCESS</u>

        Defendant Secretary of the Army has been served and has appeared in this case. No further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

1

## II. JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

Jurisdiction is predicated upon 42 U.S.C. §§ 2000e-5 (Title VII of the Civil Rights Act of 1964) and 12101-12183 (Americans with Disabilities Act).  Venue is undisputed and is hereby found to be proper.

## IV. DISCOVERY

The parties shall serve initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) no later than August 3, 2009.

The parties shall disclose any experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) no later than November 10, 2009.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before December 10, 2009.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by January 15, 2010.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has

been obeyed.  All motions to compel discovery must be noticed on the Magistrate Judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) no later than January 15, 2010.

## V. MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before March 30, 2010.  All motions shall be noticed for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

## VI. FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for June 14, 2010, at 2:00 p.m. in Courtroom No. 5.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing those statements. In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with: (1) a plain, concise statement that identifies every non-discovery motion that has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial

1 days.

2      In providing the plain, concise statements of
3 undisputed facts and disputed factual issues contemplated by
4 Local Rule 16-281(b)(3)-(4), the parties shall emphasize the
5 claims that remain at issue and any remaining affirmatively pled
6 defenses thereto.  If the case is to be tried to a jury, the
7 parties shall also prepare a succinct statement of the case,
8 which is appropriate for the court to read to the jury.

9      VII.   <u>TRIAL SETTING</u>

10      The trial is set for August 24, 2010, at 9:00 a.m.  The
11 parties anticipate that a jury trial will last five to six court
12 days.

13      VIII.   <u>SETTLEMENT CONFERENCE</u>

14      A Settlement Conference will be set at the time of the
15 Pretrial Conference.  All parties should be prepared to advise
16 the court whether they will stipulate to the trial judge acting
17 as settlement judge and waive disqualification by virtue thereof.

18      Counsel are instructed to have a principal with full
19 settlement authority present at the Settlement Conference or to
20 be fully authorized to settle the matter on any terms.  At least
21 seven calendar days before the Settlement Conference, counsel for
22 each party shall submit a confidential Settlement Conference
23 Statement for review by the settlement judge.  If the settlement
24 judge is not the trial judge, the Settlement Conference
25 Statements shall not be filed and will not otherwise be disclosed
26 to the trial judge.

27      IX.   <u>MODIFICATIONS TO SCHEDULING ORDER</u>

28      Any requests to modify the dates or terms of this

4

Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

DATED: July 8, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE